# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIAH LUCAS JR., | CASE NO. 1:08-cv-00167-LJO-DLB PC |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| HEALTH CARE MANAGEMENT AT CORCORAN STATE PRISON, et al., | (Doc. 8) |
| Defendants. | SECOND AMENDED COMPLAINT DUE IN THIRTY (30) DAYS |

**Screening Order**

**I.  Screening Requirement**

Plaintiff Isiah Lucas Jr. ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on February 12, 2008.  On September 26, 2008, the Court dismissed Plaintiff's complaint with leave to amend, for failure to state any claims under federal law. (Doc. 6.)  Plaintiff filed a First Amended Complaint on October 27, 2008, which is subject to the Court's screening below.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz*, 534 U.S. at 512.  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." *Neitze v. Williams*, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Bruns v. Nat'l Credit Union Admin.*, 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982)).

## II.     Summary of Plaintiff's First Amended Complaint

Plaintiff is currently housed at Pleasant Valley State Prison ("P.V.S.P.") in Coalinga, California. The events at issue in this action occurred at California State Prison - Corcoran ("CSP-Cor") and at P.V.S.P.

Plaintiff alleges that on February 14, 2007, while incarcerated at CSP-Cor, he broke his prescription eyeglasses. Without eyeglasses, Plaintiff states that he is unable to see normally beyond three to four feet. While at CSP-Cor, Plaintiff repeatedly notified prison staff of his need for prescription eyeglasses, but was not seen by an optometrist. On April 10, 2007, Plaintiff was transferred to P.V.S.P.  On May 3, 2007, Plaintiff filed a prison grievance addressed to the Chief Medical Officer at P.V.S.P. concerning Plaintiff's need for prescription eyeglasses. On July 5, 2007, Plaintiff filed an emergency grievance addressed to the Chief Medical Officer at P.V.S.P. requesting that he be treated, examined and fitted for eyeglasses. Plaintiff states that he did not receive new glasses until September 14, 2007. Plaintiff states that the delay in receiving an appointment with the optometrist and in receiving eyeglasses were the result of prison overcrowding and a backlog in the medical system, and alleges a claim for relief for violation of the Eighth Amendment of the United

States Constitution.[1]

Plaintiff names as defendants i) Director of Corrections Mathew Cate; ii) Warden of P.V.S.P James A. Yates; iii) John Doe 2 (Chief Medical Officer at P.V.S.P.); iv) Warden at CSP-Cor D. Adams; v) John Doe 1 (Chief Medical Officer of CSP-Cor), and vi) "all others that is [sic] involved and have a legal responsibility/obligation of administering adequate medical care". Plaintiff seeks money damages and injunctive relief.

### A.     Defendants Cate, John Doe 1 (C.M.O. at CSP-Cor), Yates and Adams

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)). Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." Id. (citing *McGuckin*, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." Id. (citing *McGuckin* at 1060 (internal quotations omitted)). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. *McGuckin* at 1060 (citing *Shapely v. Nevada Bd. of State Prison Comm'rs,* 766 F.2d 404, 407 (9th Cir. 1985)).

"[T]he existence of an injury that a reasonable doctor would find important and worthy of

---

[1] Plaintiff's First Amended Complaint also includes allegations that defendants violated both Title 15 and the Inmate-Patient Orientation Handbook. There is no independent cause of action for violation of Title 15 regulations. *Davis v. Kissinger*, No. CIV S-04-0878 GEB DAD P, 2009 WL 256574, *12 n.4 (E.D.Cal. Feb. 3, 2009).

comment or treatment, . . . the presence of a medical condition that significantly affects an individual's daily activities, and . . . the existence of chronic or substantial pain" are indications of a serious medical need. *Doty v. County of Lassen*, 37 F.3d 540, 546 n.3 (9th Cir. 1994) (citing *McGuckin v. Smith*, 974 F.2d 1050, 1059-1060 (9th Cir. 1992), *overruled on other grounds, WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc)); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004). "Under this standard, the prison official must not only 'be aware of the facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer*, 511 U.S. at 837). "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

In the Court's order dismissing Plaintiff original complaint, Plaintiff was informed of the requirement that Section 1983 requires an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered. (Doc. 6, p.3:11-13.) Plaintiff was further advised that:

> [u]nder section 1983, liability may not be imposed on supervisory personnel for the actions of their employees under a theory of *respondeat superior*. When a named defendant holds a supervisorial position, the causal link between that defendant and the claimed constitutional violation must be specifically alleged. See *Fayle v. Stapley*, 607 F.2d 858, 862 (9th Cir. 1979); *Mosher v. Saalfeld*, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979). To state a claim for relief under section 1983 for supervisory liability, Plaintiff must allege some facts indicating that the defendant either: personally participated in the alleged deprivation of constitutional rights; knew of the violations and failed to act to prevent them; or promulgated or "implemented a policy so deficient that the policy 'itself is a repudiation of constitutional rights' and is 'the moving force of the constitutional violation.'" *Hansen v. Black*, 885 F.2d 642, 646 (9th Cir. 1989) (internal citations omitted); *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

In order to proceed under section 1983 based on the failure to provide Plaintiff with eyeglasses, Plaintiff must allege facts sufficient to support a claim that one or more defendants "[knew] of and disregard[ed] an excessive risk to [Plaintiff's] health or safety." *Farmer*, 511 U.S. at 837. There are no allegations whatsoever in Plaintiff's First Amended Complaint concerning any

act or omission by defendants Cate, John Doe (C.M.O. at CSP-Cor.), Yates, or Adams, and therefore nothing to suggest that they acted with deliberate indifference. Plaintiff's First Amended Complaint details by chronology Plaintiff's repeated attempts to seek replacement eyeglasses. However, the fact that the defendants hold positions as wardens or chief medical officers or directors at C.D.C.R. is not sufficient to impose liability under section 1983. Plaintiff may not simply conclude that defendants are liable. Plaintiff must link specific defendants with specific conduct that violated his rights. The Court will provide Plaintiff with the opportunity to file an amended complaint curing this deficiency.

### B.     Defendant John Doe 2 (C.M.O. at P.V.S.P)

Plaintiff alleges that on two occasions he submitted appeals to the Chief Medical Officer at P.V.S.P. Plaintiff states that in the first grievance submitted to defendant Doe was partially granted. Plaintiff however was dissatisfied with the response and submitted a further grievance, which was subsequently screened out as duplicative. On July 5, 2007, Plaintiff submitted another grievance to the Chief Medical Officer, and Plaintiff was seen by medical staff on July 17, 2007 in response to the grievance.

Again, Plaintiff has not sufficiently demonstrated that defendant "[knew] of and disregard[ed] an excessive risk to [plaintiff's] health or safety." *Id.*. Plaintiff does not allege any acts or omissions by the defendant that would constitute a deprivation of Plaintiff's constitutional rights. As explained above, and also in this Court's previous screening order, Plaintiff must sufficiently link the actions of each defendant with the deprivation suffered. Stating that Plaintiff wrote to the defendant on two occasions, without more, is insufficient to impose liability.[2]

///

///

---

[2] Plaintiff has submitted copies of the grievances and it is not clear what role, if any, defendant Doe 2 played in their resolution. In any event, Plaintiff is advised that "[A prison] grievance procedure is a procedural right only, it does not confer any substantive right upon the inmates." *Buckley v. Barlow,* 997 F.2d 494, 495 (8th Cir. 1993) (citing *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982)); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (no liberty interest in processing of appeals because no entitlement to a specific grievance procedure); *Massey v. Helman*, 259 F.3d 641, 647 (7th Cir. 2001) (existence of grievance procedure confers no liberty interest on prisoner); *Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988). Actions in reviewing prisoner's administrative appeal cannot serve as the basis for liability under a section 1983 action. *Buckley,* 997 F.2d at 495.

**C.     Rule 8 of the Federal Rules of Civil Procedure**

Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). Rule 8(a) expresses the principle of notice-pleading, whereby the pleader need not give an elaborate recitation of every fact he may ultimately rely upon at trial, but only a statement sufficient to "'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 511-12, 122 S.Ct. 992 (2002) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99 (1957)).

Plaintiff's First Amended Complaint includes a Memorandum of Points and Authorities consisting of Plaintiff's legal argument and his caselaw cited in support of his claims. Plaintiff is advised that at a Memorandum of Points and Authorities is unnecessary at the pleadings stage. The Court is aware of the applicable legal standards when reviewing a claim by a prisoner alleging inadequate medical care, and has in fact provided these standards to Plaintiff both in this order and in the Court's previous screening order. Plaintiff is advised that when drafting his Second Amended Complaint, he needs only provide a short and brief statement of his claims, and not legal argument.

Plaintiff has also attached approximately forty pages of exhibits to his First Amended Complaint. With respect to exhibits, while they are permissible if incorporated by reference, Fed. R. Civ. P. 10(c), they are not necessary in the federal system of notice pleading, Fed. R. Civ. P. 8(a). The Court strongly suggests to Plaintiff that they should not be submitted where (1) they serve only to confuse the record and burden the Court, or (2) they are intended as future evidence. If this action reaches a juncture at which the submission of evidence is appropriate and necessary (e.g., summary judgment or trial), Plaintiff will have the opportunity at that time to submit his evidence.

**III.    Conclusion and Order**

Plaintiff's First Amended Complaint does not state a claim for violation of the Eighth Amendment. The Court will provide Plaintiff with one final opportunity to file a second amended complaint, in the event that Plaintiff is able to cure the deficiencies identified in this order. *Noll v. Carlson*, 809 F.2d 1446, 1448-49 (9th Cir. 1987).

Plaintiff may not change the nature of this suit by adding new, unrelated claims in his second

amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). Plaintiff's second amended complaint should be brief, Fed. R. Civ. P. 8(a), but he must demonstrate in his second amended complaint how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir. 1980). The second amended complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *Rizzo v. Goode*, 423 U.S. 362 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir. 1980); *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, *Forsyth v. Humana, Inc.*, 114 F.3d 1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *King*, 814 F.2d at 567 (citing to *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981)); *accord Forsyth*, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a civil rights complaint form;
2. Plaintiff's First Amended Complaint is dismissed for failure to state a claim upon which relief may be granted under section 1983, with leave to file a second amended complaint within **thirty (30) days** from the date of service of this order; and
3. If Plaintiff fails to comply with this order, this action will be dismissed, with prejudice, for failure to state a claim upon which relief may be granted.

IT IS SO ORDERED.

Dated: **June 11, 2009**          /s/ **Dennis L. Beck**
                                 UNITED STATES MAGISTRATE JUDGE