# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ISIAH LUCAS, JR., | CASE NO. 1:08-cv-00167-LJO-DLB PC |
| Plaintiff, | FINDINGS AND RECOMMENDATION RECOMMENDING DISMISSAL OF ACTION FOR FAILURE TO STATE ANY CLAIMS UPON WHICH RELIEF MAY BE GRANTED UNDER 42 U.S.C. § 1983 |
| v. | |
| HEALTH CARE MANAGEMENT AT CALIFORNIA STATE PRISON-CORCORAN, et al., | |
| | (Doc. 20) |
| Defendants. | OBJECTIONS DUE WITHIN 30 DAYS |

**Findings And Recommendation Following Screening of Second Amended Complaint**

**I.     Background**

Plaintiff Isiah Lucas, Jr., ("Plaintiff") is a prisoner in the custody of the California Department of Corrections and Rehabilitation ("CDCR"). Plaintiff is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. On February 1, 2008, Plaintiff filed the complaint which initiated this action. (Doc. 1.) On September 26, 2008, the Court dismissed the complaint with leave to amend. (Doc. 6.) On October 27, 2008, Plaintiff filed his first amended complaint. (Doc. 8.) On June 11, 2009, the Court dismissed Plaintiff's first amended complaint with leave to amend. (Doc. 13.) On October 13, 2009, after several extensions of time, Plaintiff filed his second amended complaint ("SAC"). (Doc. 20.)

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. *Id.* at 1949.

**II.     Summary of SAC**

Plaintiff is currently incarcerated at Pleasant Valley State Prison ("PVSP"), where the events giving rise to this action occurred. Plaintiff was previously incarcerated at CSP-Corcoran (CSP-Cor). Plaintiff names as Defendants Chief Medical Officer William McGuinness of CSP-Cor, Warden of CSP-Cor Darrel Adams, Chief Medical Officer William Alvarez of PVSP, and Warden James A. Yates of PVSP.

Plaintiff alleges the following. Plaintiff alleges that on February 14, 2007, while incarcerated at CSP-Cor, he broke his prescriptions eyeglasses. While at CSP-Cor, Plaintiff notified prison staff of his need for prescription eyeglasses, but was not seen by an optometrist. Plaintiff was notified that the clinic could not do anything because Plaintiff's frames were wire frames which are not permitted at CSP-Cor. On April 10, 2007, Plaintiff was transferred to PVSP. On May 3, 2007, Plaintiff filed a prison grievance addressed to the Chief Medical Officer at PVSP concerning Plaintiff's need for prescription eyeglasses. On July 5, 2007,

Plaintiff filed an emergency grievance addressed to the Chief Medical Officer at PVSP requesting that he be treated, examined and fitted for eyeglasses. Plaintiff states that he did not receive new glasses until September 14, 2007.   Plaintiff alleges deliberate indifference to a serious medical need and seeks money damages.

"[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show 'deliberate indifference to serious medical needs.'" *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 295 (1976)). The two part test for deliberate indifference requires the plaintiff to show (1) "'a serious medical need' by demonstrating that 'failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." *Jett*, 439 F.3d at 1096 (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds, WMX Techs., Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc) (internal quotations omitted)).  Deliberate indifference is shown by "a purposeful act or failure to respond to a prisoner's pain or possible medical need, and harm caused by the indifference." *Id.* (citing *McGuckin*, 974 F.2d at 1060). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (citing *McGuckin* at 1060 (internal quotations omitted)).  Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate  indifference to serious medical needs. *McGuckin* at 1060 (citing *Shapely v. Nevada Bd. of State Prison Comm'rs,* 766 F.2d 404, 407 (9th Cir. 1985)).

"Deliberate indifference is a high legal standard." *Toguchi v. Chung*, 391 F.3d 1051, 1060 (9th Cir. 2004).  "Under this standard, the prison official must not only 'be aware of the facts from which the interference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* at 1057 (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).  "'If a prison official should have been aware of the risk, but was not, then the official has not violated the Eighth Amendment, no matter how severe the risk.'" *Id.* (quoting

3

*Gibson v. Washoe, Nevada*, 290 F.3d 1175, 1188 (9th Cir. 2002)).

Plaintiff bases his allegations against Defendants McGuinness and Adams on their roles as supervisory prison officials. The Court previously informed Plaintiff that liability under § 1983 against supervisory defendants requires that the supervisory defendants have personally violated Plaintiff's rights under the Constitution or federal law. Under § 1983, there is no respondeat superior liability, and each defendant is liable only for his or her own misconduct. *Iqbal*, 129 S. Ct. at 1948-49. Here, Plaintiff alleges that Defendant McGuinness is liable because he is in charge of overall medical procedure at CSP-Cor, and Defendant Adams is liable because he is in charge of the overall operation of CSP-Cor. These allegations amount at most to respondeat superior liability, which is not a cognizable § 1983 claim.

Plaintiff contends that he addressed two 602 appeals to Defendant Alvarez. As stated in the Court's previous order, this is also insufficient to state a cognizable § 1983 claim. Plaintiff fails to allege any facts that indicate deliberate indifference on the part of Defendant Alvarez. Writing two inmate appeals addressed to the defendant is insufficient by itself to impose liability.

Plaintiff names Defendant Yates as a defendant, but fails to link him to any act that indicates a violation of Plaintiff's federal or constitutional rights. "To state a claim under § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of State law." *Long v. County of Los Angeles*, 442 F.3d 1178 , 1185 (9th Cir. 2006). Assuming that Plaintiff is alleging liability based on Defendant Yates's role as warden, Plaintiff fails to state a cognizable § 1983 claim. As previously stated, under § 1983, there is no respondeat superior liability, and each defendant is liable only for his or her own misconduct. *Iqbal*, 129 S. Ct. at 1948-49. Plaintiff fails to allege any facts that indicate deliberate indifference on the part of Defendant Yates.

## III. Conclusion and Recommendation

Plaintiff fails to allege any cognizable § 1983 claims against any defendants. The Court provided Plaintiff with the opportunity to amend his complaint to cure the deficiencies described. Plaintiff has not alleged any cognizable § 1983 claims. The Court finds that further leave to

1  amend should not be granted.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc).

2  Accordingly, it is HEREBY RECOMMENDED that this action be DISMISSED with
3  prejudice for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983.

4  These Findings and Recommendations will be submitted to the United States District
5  Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1).  Within
6  **thirty (30) days** after being served with these Findings and Recommendations, the plaintiff may
7  file written objections with the Court.  The document should be captioned "Objections to
8  Magistrate Judge's Findings and Recommendations."  The plaintiff is advised that failure to file
9  objections within the specified time may waive the right to appeal the District Court's order.
10  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

12  IT IS SO ORDERED.

13  Dated:   **April 6, 2010**            /s/ **Dennis L. Beck**
                                  UNITED STATES MAGISTRATE JUDGE